IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) 8:04CV488 ) ) |
| v. | ) ) MEMORANDUM AND ORDER |
| SALLIE J. NOVOTNY and CHERYL J. NOVOTNY, | ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) ) |
| SALLIE J. NOVOTNY, | ) ) |
| Cross-claim Plaintiff, | ) ) |
| v. | ) ) |
| CHERYL J. NOVOTNY, | ) ) |
| Cross-claim Defendant. | ) |

This matter is before the court on Sallie J. Novotny's motion for summary judgment, Filing No. 19. This interpleader action was filed by Metropolitan Life Insurance Company ("Met Life") for a declaration of rights and obligations in connection with the proceeds of a life insurance policy issued to David Novotny (hereinafter, "Novotny" or "decedent"). Both Sallie J. Novotny (hereinafter, Sallie Novotny or "decedent's widow") and Cheryl J. Novotny (hereinafter, Cheryl Novotny or "decedent's ex-wife") made claims for benefits under the policy. Met Life has paid the disputed proceeds into court and has been dismissed from this action, Filing No. 23. Sallie Novotny's cross-claim against defendant Cheryl Novotny for the proceeds under the policy remains for resolution by the court. There are no

disputed facts and the issues can be resolved as a matter of law on the parties' submissions.

## I.  BACKGROUND

The undisputed evidence establishes that David Novotny died on June 15, 2004. Before his death, he had participated in the Kroger Company Health & Welfare Benefit Plan, under which he maintained a policy of life insurance with Met Life. The decedent and his ex-wife, Cheryl Novotny, were divorced in 1996. See Filing No. 7, Answer and Cross-claim, Exhibit ("Ex.") A, Decree of Dissolution of Marriage. David and Cheryl Novotny had three children: Nicole, born September 20, 1984; Heather, born June 24, 1988; and Anthony, born July 12, 1991. *Id.* at 8-9. Cheryl Novotny was awarded custody of the children. *Id.* at 8.

> The Novotnys' divorce decree provided that decedent was to
>
> maintain Respondent [Cheryl Novotny] as primary beneficiary, naming the minor children of the parties as secondary beneficiaries, on existing term life insurance available to him through his employment to fund the remaining child support and alimony obligation in the event of his death prior to those judgments being satisfied. Any proceeds remaining after the funding of those obligations would go to his estate or according to the contract of insurance.

*Id.* at 6-7. Decedent was ordered to make child support payments in the amount of $874 per month for three children, decreasing as the children reached the age of majority to $730 per month for two children and to $509 per month for one minor child. The decree was modified in June 2001 to provide for payments in the amount of $1,322 per month for three minor children, $1,109 per month for two minor children, and $753 per month for one minor child. Filing No. 21, Ex. 2 at 18, 46. David Novotny later married Sallie Novotny.

2

He substituted Sallie Novotny as the primary beneficiary of his life insurance on June 25, 2002. Filing No. 21, Ex. 2 at 51.

The undisputed evidence further establishes that decedent's child support obligation under the decree would have amounted to $68,141.[1] At the time of David Novotny's death, his daughter Nicole Novotny had reached the age of majority. His daughter Heather Novotny will reach age nineteen on June 24, 2007, and his son Anthony Novotny will reach age nineteen on July 12, 2010. Each of decedent's minor children presently receive Social Security survivor's benefits in the amount of $1,013 per month. Filing No. 21, Exs. 3 & 4.

Sallie Novotny and Cheryl Novotny entered into an agreement providing that the bulk of the proceeds of the life insurance policy would be paid to his widow under the policy and that the sum of $75,000 should be paid into court to satisfy any obligation to Cheryl Novotny under the divorce decree. Filing No. 21, Index of Evidence, Ex. 2 at 25. Decedent's widow contends that any proceeds due to David Novotny's ex-wife pursuant to the divorce decree should be offset by Social Security survivor's benefits received by the decedent's children.

**II. DISCUSSION**

In Nebraska, dissolution of marriage cases and proceedings for modification of the decree are equitable in nature. *Griess v. Griess*, 608 N.W.2d 217, 223 (Neb. App. 2000). A court of equity which has obtained jurisdiction may "retain jurisdiction for the purpose of administering complete relief between the parties with respect to the subject matter." *Id.* Under Nebraska law, child support obligations may in some circumstances be offset by

---

[1] This amount represents payments of $1,109 per month for 37 months (June 2004 through July 2007) and payments of $753 per month for 36 months (August 2007 through July 2010).

3

Social Security death or disability benefits. *See, e.g., Gress v. Gress*, 596 N.W.2d 8, 12 (Neb. 1999) (equitable considerations lead courts to allow excess Social Security dependency benefits to be credited against child support arrearage which has accrued from the date of the occurrence which entitled the parent to such benefits, unless the allowance of such credit, in the particular case, would be inequitable); *Brewer v. Brewer*, 509 N.W.2d 10, 16 (Neb. 1993) (recognizing that such benefits are not a mere gratuity from the federal government); *Hanthorn v. Hanthorn*, 460 N.W.2d 650, 654 (Neb. 1990) (that Social Security payments made on account of the parent's *disability* should be considered as credits toward the parent's court-ordered support obligation, in the absence of circumstances making the allowance of such a credit inequitable); *Schulze v. Jensen*, 214 N.W.2d 591, 594 (Neb. 1974) (holding "in the context of the case," that Social Security *disability* payments were a substitute for the father's support obligation). However, Nebraska law does not mandate that Social Security payments be offset. *See Lainson v. Lainson*, 362 N.W.2d 53, 57 (Neb. 1985) (denying an offset because the court that ordered support payments "was fully cognizant" of the Social Security payments made on the child's behalf).

Under the circumstances of this case, allowance of an offset would not be equitable. The uncontroverted evidence establishes that under the divorce decree decedent's ex-wife would have had a valid claim against his estate for the child support he would have owed had he lived. The court-ordered life insurance policy was intended to ensure that the obligation would be paid. It was well within the contemplation of the parties and the court at the time the decree was entered that minor survivors would also be entitled to Social Security benefits in the event of a parent's death. *See* 42 U.S.C. § 402(d). Social Security

survivor's benefits are not a substitute for child support.  Survivor's benefits can be used only for certain express expenses of the beneficiary.  *See, e.g.*, 20 C.F.R. §§ 404.2010(b) (authorizing payments to a representative payee on behalf of a minor); 404.2021(c)(1) (expressing preference for custodial parent as representative payee); 404.2025 & 404.2035 (setting out reporting duties of representative payee); 404.2040 (stating that payments must be used for "current maintenance" of the beneficiary, which includes costs "incurred in obtaining food, shelter, clothing, medical care, and personal comfort items"). Additionally, survivor's benefits ordinarily terminate at age eighteen, while child support in Nebraska continues until age nineteen.  42 U.S.C. § 402(d)(1)(E) (child's insurance benefits end when child attains the age of eighteen); Neb. Rev. Stat. § 43-2101("All persons under nineteen years of age are declared to be minors, but in case any person marries under the age of nineteen years, his or her minority ends").

That Social Security disability or death benefits can serve, in equity, under some circumstances, to reduce a child support obligation does not mean that a court-imposed obligation can be extinguished by such payments.  The record establishes that decedent would have been obliged to provide child support to his children in the approximate amount of $69,000 had he survived until his remaining minor children respectively reached the age of nineteen.  Sallie Novotny has presented neither evidence nor argument to show that she is equitably entitled to any life insurance proceeds above those she already received under the policy.  Surely she would not argue that any Social Security widow's benefits to which she is or may be entitled should be reduced by the amount of life insurance she has received.  Accordingly, the court finds that Sallie Novotny's motion for summary judgment should be denied.  The evidence establishes as a matter of law that Cheryl Novotny is

entitled to judgment for $68,141.00, which is the amount to which she was entitled for child support under the decree.

In addition, an award of prejudgment interest is appropriate to afford Cheryl Novotny equitable relief.  *See Christianson v. Poly-America, Inc. Medical Ben. Plan*, 412 F.3d 935, 941 (8th Cir. 2005) (holding that prejudgment interest awards are permitted under ERISA where necessary to afford the plaintiff "other appropriate equitable relief" under section 1132(a)(3)(B)).  *See also Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 946 (8th Cir. 1999) (noting that prejudgment interest can be either legal or equitable in nature).  The important purposes of the prejudgment interest remedy are to make the claimant whole, to promote settlement, and to deter attempts to benefit unfairly from inherent delays in litigation.  *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986); *Christianson,* 412 F.3d at 941 (noting that the wrongdoer should not be allowed to use the withheld benefits or retain interest earned on the funds during the time of the dispute).  Prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.  *Stroh Container Co.,* 783 F.2d at 752.  The rate set out in 28 U.S.C. § 1961(a) provides the proper measure for determining rates of both prejudgment interest and post-judgment interest in an ERISA case.  *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995).  The rate of interest determined pursuant to 28 U.S.C. § 1961 is 4.40%.  Accordingly, the court finds Cheryl Novotny is entitled to judgment in the amount of $72,159.71.[2]

---

[2]This amount represents interest at the rate of 4.40% on the sum of $68,141.00, computed form June 24, 2004 (the date Cheryl Novotny filed her claim for the proceeds with Met Life) to date, compounded annually.

Cheryl Novotny may also be entitled to an award of attorney's fees. *See* 29 U.S.C. § 1132(g)*; Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966 (8th Cir. 2002). Accordingly, if seeking fees, Cheryl Novotny shall file a motion for attorney's fees, together with supporting documentation and a brief in support, within twenty (20) days of the date of this order.

IT IS ORDERED:

1. Cross-claimant Sallie Novotny's motion for summary judgment (Filing No. 19) is denied;

2. In a separate order entered this date, judgment will be entered in favor of Cheryl Novotny and against Sallie Novotny in the amount of $72,159.71 plus interest at the legal rate from the date of judgment;

3. Cheryl Novotny shall file a motion for attorney's fees within twenty (20) days of the date of this order; Sallie Novotny shall have ten (10) days thereafter to respond.

DATED this 23rd day of November, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE