IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) SALLIE J. NOVOTNY and CHERYL J. ) NOVOTNY, ) ) Defendants. ) ) _____ ) ) SALLIE J. NOVOTNY, ) ) Cross-claim Plaintiff, ) ) v. ) ) CHERYL J. NOVOTNY, ) ) Cross-claim Defendant. ) | 8:04CV488<br><br>MEMORANDUM AND ORDER |

This matter is before the court on cross-claim defendant Cheryl Novotny's motion for attorneys' fees, Filing No. 39. The motion was filed after cross-claim plaintiff Sallie Novotny had filed a notice of appeal. Filing No. 32. As a general rule, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. *In re Grand Jury Subpoenas Duces Tecum,* 85 F.3d 372, 375 (8th Cir. 1996). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court [of] its control over those aspects of the case involved in the appeal." *Liddell v. Board of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996).

However, there are several exceptions to the general rule. It is well-established that a district court retains jurisdiction over collateral matters, such as attorney fees and costs while an appeal is pending. *Peters v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999); *see also Justine Realty Co. v. American Nat'l Can Co.*, 945 F.2d 1044 (8th Cir. 1991) (noting that a decision on the merits is final and appealable regardless of any unresolved, collateral issue of attorney fees). Accordingly, the court retains jurisdiction to consider Cheryl Novotny's motion for attorney fees.

In opposition to Cheryl Novotny's motion, Sallie Novotny asserts for the first time that this is not an ERISA action. She argues that ERISA's fee provisions do not apply and that, under the "American Rule," Cheryl Novotny is not entitled to any award of attorneys' fees. Sallie Novotny now contends that jurisdiction is premised solely on the interpleader statute, 28 U.S.C. § 1335(a). That argument is misplaced. Interpleader jurisdiction is only appropriate where the parties claiming an interest in the interpleaded funds are citizens of different states. *See* 28 U.S.C. § 1335(a). Jurisdiction over this case is premised on the existence of a federal question. 28 U.S.C. § 1331.

Notably, jurisdiction was premised on ERISA in the complaint. Filing No. 1. In answer to the complaint, Sallie Novotny conceded that the action involves an employee-sponsored plan under ERISA. Filing No. 7. The court finds that this action is undoubtedly an ERISA case over which it has jurisdiction and to which ERISA's fee provision applies. *See, e.g., Equitable Life Ass. Soc. v. Crysler*, 66 F.3d 944, 948 (8th Cir. 1995) (involving identical issue—an interpleader action to resolve competing claims for life insurance benefits between present and former spouses).

Under ERISA, the district court in its discretion may allow a reasonable attorney fee and costs of action to either party. 29 U.S.C. § 1132(g)(1). "ERISA's fee shifting provision unambiguously gives the district court discretion to award attorney fees to 'either party.'" *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966 (8th Cir. 2002); *see* 29 U.S.C. § 1132(g). However, there is no presumption in favor of an attorney fee award. *Martin*, 299 F.3d at 972. Instead, it is within the discretion of a district court to determine when a fee is appropriate. *Id.* The court considers five factors, together with "other relevant considerations," to determine when a fee is appropriate. *Lawrence v. Westerhaus*, 749 F.2d 494, 495 (8th Cir. 1984). The five factors are: degree of culpability or bad faith of the opposing party; the ability of the opposing party to pay attorney fees; whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and the relative merits of the parties' positions. *Id.* These factors are not exclusive and should not be mechanically applied. *Martin,* 299 at 972.

Although the usual practice is to tax the costs and fees against the interpleader fund, the court may tax the losing claimant directly when her conduct justifies doing so. *Prudential Ins. Co of America v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). If a defendant in an interpleader action advances arguments which have no justification in law or fact, it may sometimes be appropriate to compel that party to pay attorney fees. See *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 427 (9th Cir. 2000); *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th Cir. 1962).

3

Because this is an action by a participant or beneficiary to recover benefits due under the terms of an ERISA plan, a plaintiff can recover a damage remedy. 29 U.S.C. § 1132(a)(1); *Knieriem v. Group Health Plan, Inc.,* 434 F.3d 1058, 1063 (8th Cir. 2006); *cf. Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002) (noting that only equitable relief, and not money damages, may be awarded under 29 U.S.C. § 1132(a)(3)). *See also Delcastillo v. Odyssey Resource Mgm't, Inc.*, 431 F.3d 1124, 1132 (8th Cir. 2005) (authorizing consideration of discretionary award of fees for plaintiffs' recovery under 29 U.S.C. § 1132(a)(1)).

In assessing the relative culpability or bad faith of the parties, the record reveals that Sallie Novotny made generally irrelevant and contentious, if not scurrilous, allegations in the course of this litigation. *See* Filing No. 7, Answer and Cross-claim at 3 (alleging that Cheryl Novotny's claim was precluded by the doctrine of "unclean hands" in that Cheryl Novotny's verbal abuse, threats, harassment and deceit contributed to or caused the suicide of David Novotny), Filing No. 21, Ex. 4, Answers to [Sallie Novotny's] First Set of Interrogatories at 2 (reflecting that Sallie Novotny propounded an interrogatory asking Cheryl Novotny to "describe all statements made by [Cheryl Novotny] to David F. Novotny during the several months before his death which implied that he was involved in an extramarital affair . . . [and] state whether [Cheryl Novotny] stated to David F. Novotny that [Cheryl Novotny] would inform Sallie J. Novotny, or other wise communicate to Sallie J. Novotny, [Cheryl Novotny's] belief that David F. Novotny was having an affair"). These issues are wholly irrelevant to resolution of the issue presented to the court, which involved only the application of a Qualified Domestic Relations Order ("QDRO") to a life insurance policy governed by ERISA. The allegations could only have been interposed for an

improper purpose and could only have been intended to inflame or injure the rightful court-ordered beneficiaries of the policy, decedent's minor children. Accordingly, the court finds Sallie Novotny's conduct in the course of this litigation involves some element of bad faith.

The decree at issue clearly gave Cheryl Novotny the right to recover an amount of life insurance sufficient to cover child support. Sallie Novotny's contention that Nebraska law required the life insurance payment to be offset by Social Security payments was untenable. The evidence shows that Cheryl Novotny was forced to resort to lengthy and expensive litigation to vindicate her rights to the policy proceeds, and has had to forego the funds that were intended to provide support to the decedent's children in the event of his death under the divorce decree.

The court finds that an award of attorneys' fees will deter persons acting under similar circumstances from using such dilatory tactics to thwart the objectives of ERISA and its QDRO provisions. Future ERISA participants and beneficiaries will benefit from this decision. In assessing the relative merits of the parties' positions, the court finds that Cheryl Novotny's position was clearly superior. Accordingly, the court finds that Cheryl Novotny's motion for attorneys' fees should be granted.

In support of her motion, Cheryl Novotny has shown that she has incurred $15,037.50 in attorneys' fees, which represents 100.25 hours of work at the rate of $150.00 per hour. Based on its familiarity with rates of compensation in this jurisdiction, the court finds that the hours expended were reasonably necessary to the litigation and the hourly rate is reasonable. Accordingly, the court assesses fees in the amount of $15,037.50.

IT IS ORDERED:

1.Cross-claim defendant Cheryl Novotny's motion for attorneys fees is granted; and

2.A judgment for attorneys' fees will be entered in a separate order.

DATED this 21st day of April, 2006.

BY THE COURT:


s/ Joseph F. Battailon
United States District Judge